UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PAUL G. CHRISTENSEN,  No. 16-10298

                Debtor(s).
_____/

Memorandum on Order to Show Cause
_____

      This Chapter 11 case was commenced in violation of two bankruptcy court orders. On January 4, 2013, in Chapter 13 case number 12-32197, the Honorable Thomas E. Carlson ordered that debtor Paul Christensen was barred from filing any future case without paying the filing fee in full. On June 3, 2013, the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York issued an order finding that Christensen was acting in concert with abusive filers and permanently barring him, among others, from filing any new bankruptcy case in that or any United States Bankruptcy Court. Christensen's attorney, Peter L. Kutrubes, who has represented Christensen in some of his prior cases, filed this case without the filing fee and without obtaining relief from the New York order.

      The docket shows that this is the eighth bankruptcy case filed by Christensen since 2010 and the second filed in violation of the New York order. All of Christensen's cases have been dismissed due to Christensen's failure to comply with orders of the court or the Federal Rules of Bankruptcy Procedure.

1

The court summarily dismissed this case, retaining jurisdiction to sanction Christensen and Kutrubes, undo any damage the filing may have caused, and issue necessary injunctive relief. The court then ordered Christensen and Kutrubes to show cause why they should not be sanctioned. A hearing was held this date.

Given Christensen's history and Kutrubes' involvement in several of the prior cases, the court finds less than convincing Kuturbes' argument that failure to pay the filing fee was a mere oversight. As a sanction, the filing fee paid after dismissal will not be returned. The bigger issue, however, is the New York order, made part of the record of this case as Document #8.

The New York order bars Christensen from filing further bankruptcy cases. The order appears to be necessary to curb a substantial abuse of bankruptcy laws. It appears to be still in effect. The court will leave contempt proceedings to the New York court, but will honor it by enjoining Christensen and Kuturbes from filing any bankruptcy case in the Northern District of California while the New York order remains in effect. Any filing in violation of this order may subject them both to contempt sanctions in this court as well as the New York court.[1]

An appropriate order will be entered.

Dated: April 15, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The order issued in this case will be made without prejudice to the rights of Christensen and Kutrubes to request relief or modification from any bankruptcy judge in this district. Provided, however, that copies of this Memorandum, the ordered issued with it, and a copy of the New York order of June 3, 2013, shall be attached to any such request.

2